UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WENDY K.,

               Plaintiff,

       -v-                                                                 3:24-CV-241 (AJB/DJS)

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
_____

**APPEARANCES:**                                           **OF COUNSEL:**

LEGAL AID SOCIETY OF MID-NEW YORK, INC.     CINDY DOMINGUE-
Attorneys for Plaintiff                               HENDRICKSON, ESQ.
120 Bleecker Street
Utica, NY 13501

SOCIAL SECURITY ADMINISTRATION         GEOFFREY M. PETERS, ESQ.
Office of the General Counsel                   Special Assistant U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On February 18, 2024, plaintiff Wendy K.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act

---

[1] On May 1, 2018, the Judicial Conference's Committee on Court Administration and Case Management issued a memorandum that encouraged courts to better protect the privacy of non-governmental parties in Social Security matters by using only the first name and last initial of the claimant in published opinions.

(the "Act"). Dkt. No. 1. Along with her complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

The matter was initially assigned to Chief U.S. District Judge Brenda K. Sannes, who referred the case to U.S. Magistrate Judge Daniel J. Stewart for a Report & Recommendation ("R&R"). *See* Dkt. No. 4. Thereafter, Judge Stewart granted plaintiff's IFP Application, Dkt. No. 6, the Commissioner filed a certified copy of the Administrative Record, Dkt. No. 8, and the parties briefed the matter in accordance with General Order 18, which provides that an appeal taken from the Commissioner's denial of benefits will be treated as if the parties have cross-moved for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, Dkt. Nos. 10, 12, 16. The matter was later reassigned to this Court. Dkt. No. 17.

On January 27, 2025, Judge Stewart advised by R&R that: (1) plaintiff's motion be denied; (2) the Commissioner's motion be granted; (3) the Commissioner's final decision be affirmed; and (4) plaintiff's complaint be dismissed. Dkt. No. 18.

Plaintiff has lodged objections. Dkt. No. 19. There, plaintiff argues the ALJ: (1) should have found that her anxiety and/or depression were "severe" impairments; (2) failed to evaluate the severity of her cardiac impairment; (3) failed to properly consider the impact of her obesity; (4) incorrectly analyzed the medical evidence in the record; and (5) should not have relied on the Medical-Vocational Guidelines in finding her "not disabled" within the meaning of the Act. *Id*.

In opposition, the Commissioner argues that plaintiff's objections "largely repackage her original arguments" and should be evaluated under the less searching "clear error" standard of review. Dkt. No. 20. On the merits, the Commissioner explains that Judge Stewart carefully considered and appropriately rejected each of the individual arguments raised by plaintiff. *Id*.

Upon review of the briefing, plaintiff's objections must be overruled. As an initial matter, the record reflects that Judge Stewart adequately considered and appropriately rejected the arguments advanced by plaintiff in her objections. Under those circumstances, it has long been the rule that a district court should apply the more perfunctory "clear error" standard of review. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015) (collecting cases).

There is no clear error in the R&R. But even applying a more searching *de novo* standard of review, plaintiff's arguments would not warrant any relief. First, there is no reversible error in the ALJ's step-two finding that plaintiff's anxiety and depression were not "severe" within the meaning of the regulations. Although step two is limited to screening out *de minimis* claims, the mere presence of a disease or impairment, or evidence of treatment for a disease or impairment, is not by itself sufficient to establish severity. *See, e.g.*, *Cobbins v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 126, 133 (N.D.N.Y. 2012). As Judge Stewart explained, a finding of non-severity is permissible when, as here, a review of the evidence from a majority of the relevant time period examined in light of the full record shows that the impairment at issue does not cause more than minimal limitations on a claimant's ability to perform basic work activities. *See* R&R at 8.

Plaintiff's second argument fares no better. Although plaintiff testified that she suffered from a cardiac condition, Judge Stewart correctly concluded that there was no medical evidence in the record to support this impairment. R&R at 8–9. Whether this condition is characterized as an "enlarged heart" or "calcified arteries," plaintiff failed to identify record evidence beyond the fact of her diagnosis, which itself showed that she was "asymptomatic." *Id*. Although plaintiff contends that a remand is warranted because the calcified arteries were only discovered *after* the medical opinions in the record were produced, the burden is on plaintiff to offer some evidence

to show that this cardiac impairment—however it is characterized—caused more than a minimal effect on her ability to work. She has not done so.

Plaintiff's obesity-related objection is similarly meritless. Although she concedes that the ALJ found that her obesity was a "severe" impairment at step two, plaintiff argues that the ALJ failed to explain how this condition impacted his findings at the remaining steps of the sequential analysis. Dkt. No. 19 at 5–6. Judge Stewart rejected this argument because it was contradicted by the available record. R&R at 9–10. A review of the record confirms that Judge Stewart was correct. For instance, as the Commissioner points out, plaintiff's obesity was considered by the ALJ during his discussion of the opinion evidence. Dkt. No. 20 (citing R. at 24).

Plaintiff's remaining arguments must also be rejected. Contrary to plaintiff's assertion, Judge Stewart conducted a detailed review of the ALJ's consideration of the medical opinions in the record. R&R at 10–17. As Judge Stewart ultimately found, the ALJ appropriately analyzed the supportability and consistency of these opinions. *Id*. A *de novo* review of the treatment of these opinions leads to the same conclusions. Further, as Judge Stewart explained, in order for plaintiff to show that the ALJ erred by relying on the Medical-Vocational Guidelines at step five she would first have to establish that the ALJ's RFC analysis was deficient. Because she failed to do so, plaintiff could not establish error at step five, either. Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 18) is ACCEPTED;

2. Plaintiff's motion is DENIED;

3. The Commissioner's motion is GRANTED;

- 5 -

4. The Commissioner's final decision is AFFIRMED; and

5. Plaintiff's complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: March 4, 2025
Utica, New York.

Anthony J. Brindisi
U.S. District Judge